IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE R. GRECO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-445 |
| MARTIN O'MALLEY,<br>*Commissioner of Social Security*, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 20th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] The Commissioner asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

court may neither reweigh the evidence, nor reverse, merely because it would have decided the

claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   It is important in this case to remember the period of time at issue is very limited, as Plaintiff's alleged onset date was June 1, 2018, and her date last insured was June 30, 2018. Plaintiff accordingly had to prove she was disabled within those dates. *See* 20 C.F.R. § 404.131. Although the Administrative Law Judge ("ALJ") was required to – and did – consider the record as a whole, including evidence from outside the relevant time period, he properly focused primarily on evidence from in or near the insured period. With that understanding, the Court finds that the ALJ's decision that Plaintiff was not disabled during that period was supported substantial evidence.

While an ALJ can consider evidence after a claimant's date last insured, such evidence is relevant only so far as it pertains to the claimant's condition during the relevant period. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). Here, the ALJ expressly stated that he considered the record as a whole, while primarily looking at the limited time frame at issue. (R. 32). Plaintiff states that the ALJ "demonstrated a lack of knowledge of [her] conditions" a fact that she claims suggests he did not read and/or understand the record as a whole. (Doc. No. 9, p. 18). However, the ALJ clearly showed an understanding of Plaintiff's longitudinal conditions and applied that understanding to determining Plaintiff's residual functional capacity ("RFC") during the relevant window. For instance, while recognizing that Plaintiff's Devic's disease had impacted her since 2007 (R. 19), he focused on the objective medical evidence from near the relevant period – from around February 2018 through February 2019 – which he accurately pointed out showed stable neurological examinations demonstrating normal muscle strength and gait. (R. 17-18, 20, 443-44, 511-19, 583-95, 664-69, 820). Indeed, he noted that Plaintiff was "asymptomatic" at physicians' visits during this time. (R. 20, 515).

Plaintiff contends that the ALJ's overemphasis on evidence from the relevant time period prevented him from understanding that the nature of her condition had remained largely unchanged for many years. However, as noted, the ALJ discussed evidence from 2007, as well as the statements of Megan O'Brien, CRNP, from 2021-22, and Plaintiff's testimony from 2022 that her symptoms had remained largely unchanged for some time. To the extent Plaintiff argues that the ALJ should have reached a different conclusion based on these valid considerations, the Court notes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, more than substantial evidence supports the ALJ's determination.

This includes the ALJ's evaluation of CRNP O'Brien's 2021-22 statements. He correctly noted that CRNP O'Brien had stated that claimant cannot safely and effectively maintain a job,

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 8) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:  Counsel of record

---

but that she declined to provide an opinion as to Plaintiff's functional capacity. (R. 20). Despite Plaintiff's argument to the contrary, this constitutes the very type of statement of a claimant's inability to work that is "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c)(3)(i). *See also Ubaldini v. Comm'r Soc. Sec.,* No. 22-2686, 2023 WL 7001840, at *3 (3d Cir. Oct. 24, 2023). Plaintiff's attorney, at the hearing, even acknowledged that CRNP O'Brien's statements did not really relate to the relevant time period. (R. 34).

Plaintiff again asserts that the ALJ failed to appreciate that CRNP O'Brien noted on a check-box/fill-in-the blank form that her conditions had existed since 2007. This, Plaintiff argues, supports her contention that her condition has been largely unchanged for a long period of time which included the relevant period. However, this does not change the fact that CRNP O'Brien declined to opine as to the specific limits of Plaintiff's functional capacity at any point during the period from 2007 through 2022. At best, she confirmed Plaintiff's diagnosis of Devic's disease during that time. However, when crafting the RFC, the issue is not whether a claimant has been diagnosed with a specific condition, but what functional limitations the condition cause. *See Walker v. Barnhart*, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Indeed, CRNP O'Brien mostly discussed general symptoms that Plaintiff may experience rather than the impact of these symptoms on Plaintiff's functionality generally. (R. 1685).

Finally, to the extent that Plaintiff takes issue with the hypothetical posed and the ALJ's reliance thereon, the Court notes that "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself." *Rutherford v. Barnhart*, 399 F.3d 546, 554 n.8 (3d Cir. 2005). Hypotheticals posed to vocational experts need not reflect every impairment alleged by a claimant. *See id.* at 544. Instead, hypotheticals "must accurately convey to the vocational expert all of a claimant's credibly established limitations." *Id.* Substantial evidence supports the ALJ's RFC assessment, and because the operative hypothetical accurately conveyed Plaintiff's RFC, the ALJ appropriately relied upon the vocational expert's response.

The ALJ's decision addresses the proper time frame, is consistent with the governing law, and is supported by substantial evidence. The Court therefore will affirm.